1  Scott C. Hall (SBN 232492)
**COBLENTZ PATCH DUFFY & BASS LLP**
2  One Montgomery Tower, Suite 3000
San Francisco, California 94111
3  (415) 772-5798 (Tel)
(415) 989-1663 (Fax)
4  shall@coblentzlaw.com

5  Andrew Gordon (AZ SBN 003660) (*pro hac pending*)
6  **COPPERSMITH BROCKELMAN PLC**
2800 North Central Avenue, Suite 1900
7  Phoenix, Arizona 85004
(602) 381-5490 (Direct)
8  agordon@cblawyers.com

9  *Attorneys for Plaintiff*
10  *MGA Employee Services, Inc.*

11
12                    **UNITED STATES DISTRICT COURT**

13                    **NORTHERN DISTRICT OF CALIFORNIA**

14

15  MGA EMPLOYEE SERVICES, INC.,            )
                                                    )
16            Plaintiff,                            )     No.
                                                    )
17            v.                                    )        **COMPLAINT**
                                                    )
18  THE JOHN STEWART COMPANY dba             )
    WESTBROOK APARTMENTS,                    )
19                                                  )     DEMAND FOR JURY TRIAL
                                                    )
20            Defendant.                            )
                                                    )
21  _____        )

22
    Plaintiff, MGA Employee Services, Inc. ("MGA" or "Plaintiff") alleges as follows.
23

24
                              **PARTIES**
25
26       1.      Plaintiff MGA is an Arizona corporation with its principle place of business

27  in Phoenix, Arizona.

28

2.     Defendant, The John Stewart Company dba the Westbrook Apartments ("JSCo" or "Defendant") is a California corporation that resides in and has its principle place of business in San Francisco, California.

## JURISDICTION

3.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 and there is diversity of citizenship between the parties.  The Court has personal jurisdiction over Defendant because, among other things, Defendant is a corporation organized and existing under the laws of the State of California, maintains an office and/or principal place of business in this District, and maintains an agent for service of process in this District.

## VENUE

4.     Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant maintains its principle place of business in this District

## INTRADISTRICT ASSIGNMENT

5.     Assignment in the San Francisco division of the United State District Court for the Northern District of California is proper pursuant to Rule 3-2(d) of the Civil Local Rules because Defendant resides in San Francisco.

## STATEMENT OF FACTS

6.     On or around February 24, 2017, MGA and JSCo, doing business as Westbrook Apartments, entered into a client staffing agreement ("the Agreement"). A true and correct copy of the Agreement is attached hereto as **Exhibit A.**

7.     The Agreement between MGA and JSCo provides that JSCo "shall not permit MGA Personnel to drive any motor vehicles (including but not limited to golf carts) . . . ." (Ex. A at Section 2.01.)

8.     The Agreement between MGA and JSCo further provides that "[JSCo] agree[s] to indemnify, hold harmless MGA and its respective officers, directors, employees, owners, managers, agents and affiliates from any and all liability, claims, demands, actions, rights of actions or legal proceedings whatsoever should MGA

1  personnel drive any motor vehicles (including but not limited to golf carts) . . . in the
2  performance of services pursuant to this Agreement." (Ex. A at Section 2.01.)

3      9.      On April 21, 2017, JSCo permitted MGA Personnel, David Kioa, to drive a
4  golf cart in the performance of services pursuant to the Agreement, in direct violation of
5  the Agreement. As a result of JSCo's violation of the Agreement, Henry Rodas, also
6  MGA Personnel, sustained severe injuries after reportedly falling from the golf cart
7  driven by Mr. Kioa.

8      10.     MGA has now paid $500,000.00 in claims by Mr. Rodas as a result of the
9  accident and has demanded, pursuant to the provision of the Agreement, that JSCo
10  indemnify MGA for these amounts pursuant to JSCo's obligations under the Agreement.
11  True and correct copies of MGA's notice and demands for indemnification, and JSCo's
12  responses, are attached hereto as **Exhibits B-G**.

13      11.     To date, JSCo has not indemnified, nor agreed to indemnify, MGA for the
14  amounts demanded under the Agreement.

15

16                                   <u>**COUNT ONE**</u>
17                              **(BREACH OF CONTRACT)**

18      12.     Plaintiff repeats and realleges every allegation contained in paragraphs 1
19  through 11 as if fully set forth herein.

20      13.     The Agreement between MGA and JSCo provides that JSCo "shall not
21  permit MGA Personnel to drive any motor vehicles (including but not limited to golf
22  carts) . . . ." (Ex. A at Section 2.01.)

23      14.     The Agreement between MGA and JSCo further provides that "[JSCo]
24  agree[s] to indemnify, hold harmless MGA and its respective officers, directors,
25  employees, owners, managers, agents and affiliates from any and all liability, claims,
26  demands, actions, rights of actions or legal proceedings whatsoever should MGA
27  personnel drive any motor vehicles (including but not limited to golf carts) . . . in the
performance of services pursuant to this Agreement." (Ex. A at Section 2.01.)

15.     JSCo breached Section 2.01 of the Agreement by permitting MGA personnel, Mr. Kioa, to drive a golf cart resulting in the serious injury of Mr. Rodas, also MGA personnel.

16.     MGA has now paid $500,000.00 in claims by Mr. Rodas as a result of the accident and is entitled to reimbursement of this amount, under the Agreement.

17.     Pursuant to the Agreement, MGA has demanded indemnification from JSCo, but JSCo has failed to indemnify MGA.   JSCo's failure to indemnify MGA constitutes a clear breach of the Agreement between MGA and JSCo.

## **PRAYER FOR RELIEF**

Wherefore, MGA requests relief as follows:

1.  Damages of not less than $500,000.00 in an amount to be proven at trial;

2.  Reasonable attorneys' fees and costs in prosecution of this action pursuant to law and/or contract;

3.  Prejudgment interest on all amounts recovered, as allowed by law; and

4.  Such other relief as is just equitable and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all claims so triable.


RESPECTFULLY SUBMITTED this 25th day of May, 2018.

COBLENTZ PATCH DUFFY & BASS LLP


/s/ Scott C. Hall
   Scott C. Hall
*Attorneys for Plaintiff*

4

# EXHIBIT A



## CLIENT STAFFING AGREEMENT

This Agreement is effective as of February 24, 2017 ("Effective Date") by and between Westbrook Apartments, referred to in this Agreement as "**CLIENT**," located at 90 Kiska Road, San Francisco, CA  94124, and MGA Employee Services Inc., with its corporate headquarters located at 3131 E. Camelback Rd. #200, Phoenix, AZ  85016   referred to in this Agreement as "**MGA**".

- A.   CLIENT wishes to engage MGA to provide personnel.
- B.   MGA employs personnel and is willing to provide such personnel to CLIENT.

Therefore, CLIENT and MGA agree to the following terms and conditions:

### ARTICLE 1. TERM AND TERMINATION

**Section 1.01**      **Term and Termination.**   This Agreement will be in effect for one (1) year from the effective date and will automatically renew at the end of the first year and each subsequent year unless terminated as provided in this Section.  Either party may terminate this Agreement at any time, with or without cause, by providing at least thirty (30) days advance written notice of termination to the other party.  Such termination will have no effect upon the rights and obligations resulting from any services provided prior to termination.

### ARTICLE 2. RESPONSIBILITIES OF MGA

**Section 2.01**      **Services.**   MGA will, upon request by CLIENT, provide personnel to CLIENT, subject to availability of qualified Personnel.

MGA's duty to supply Personnel on request of CLIENT is subject to the availability of qualified MGA Personnel. The failure of MGA to provide Personnel results in no penalty and does not constitute a breach of this Agreement. MGA shall have and maintain in good standing all necessary and contractor licenses required by law during the performance of any work under this Agreement and shall provide evidence of such licensure to John Stewart Company, Inc. ("Manager").  The State of California requires anyone who contracts to perform work on a project that is valued at $500 or more for combined labor and materials costs to hold a current, valid license from California State License Board.  There are more than 40 subcategories of contractor licenses that apply, ranging from landscape to plumbing to roofing to flooring.  More information on contractor licensing is available at "cslb.ca.gov".

CLIENT acknowledges it shall not permit MGA Personnel to drive any motor vehicles (including but not limited to golf carts) or remove, work with, be exposed to or disturb any materials containing asbestos or lead paint or other hazardous substances.  CLIENT and Manager agree to indemnify, hold harmless MGA and its respective officers, directors, employees, owners, managers, agents and affiliates  from any and all liability, claims, demands, actions, rights of actions or legal proceedings whatsoever should MGA Personnel drive any motor vehicles (including but not limited to golf carts) or become injured by, or exposed to, hazardous materials, including but not limited to asbestos or lead paint containing materials in the performance of services pursuant to this Agreement.

**Section 2.02**      **MGA's Employer Obligations.**   MGA is solely responsible for the satisfaction of employee benefits, withholding of federal, state, and local taxes applicable to employees, Social Security, workers' compensation and unemployment insurance for the Personnel.

### ARTICLE 3. RESPONSIBILITIES OF CLIENT

**Section 3.01**      **Incident Communication.** CLIENT will communicate unexpected incidents, errors and sentinel events to MGA within 48 hours from time of incident.  A written report must be provided within 48 hours of incident.

Rev. 8/11/2016

**Section 3.02**    **Notification of Complaint.**  If CLIENT has a concern regarding services provided under this agreement, CLIENT will notify MGA and complete a Client Complaint Form.  MGA will seek to respond within 48 hours of receipt of the Client Complaint Form.

**Section 3.03**    **Restrictive Covenant.**  During the term of this Agreement and for the one hundred eighty (180) day period immediately following the day on which MGA Personnel last performed services for the CLIENT under this Agreement, CLIENT shall not, directly or indirectly, for itself, or on behalf of any other person, firm, corporation or other entity, whether as principal, agent, employee, stockholder, partner, member, officer, director, sole proprietor, or otherwise, solicit, participate in or promote the solicitation of such MGA Personnel to leave the employ of MGA, or hire or engage such MGA Personnel for any purpose whatsoever, without the written authority and consent of MGA.  If any MGA Personnel provided by MGA to CLIENT is hired by CLIENT, either directly or indirectly, within one hundred eighty (180) days of that MGA Personnel's last day of work at CLIENT through MGA, the CLIENT will pay MGA, as liquidated damages and not as penalty, an amount equal to 25% of the MGA Personnel's first year salary, including guaranteed bonuses.

**Section 3.04**    **Submittals/Right to Hire.**  Resumes submitted by MGA to CLIENT are confidential and for CLIENT use only.  CLIENT agrees that MGA is the representative of each candidate for whom a resume is submitted.  For these reasons, CLIENT agrees that:

A.   If CLIENT recruits or hires anyone provided by MGA through this Agreement, CLIENT will either give MGA one hundred eighty (180) days' notice of its intent, continuing to use the individual through MGA for that time, or CLIENT will pay MGA a finder's fee equal to 20% of the employee's first year full time base salary, including guaranteed bonuses.  If CLIENT recruits or hires anyone provided by MGA through this Agreement after 1040 working hours with CLIENT through MGA, CLIENT may hire contract (temporary) employee with no fee due payable to MGA.

B.   If any candidate submitted to CLIENT as a contract (temporary) employee is not accepted by CLIENT as proposed, and CLIENT thereafter directly or indirectly hires candidate as a permanent or temporary employee on CLIENT's payroll within one hundred eighty (180) days of receipt of candidate's resume, CLIENT agrees to pay MGA a fee equal to 25% of the employee's first year full time base salary, including guaranteed bonuses.

C.   If any candidate submitted to CLIENT as a permanent placement, is thereafter hired by CLIENT as a permanent or temporary employee on CLIENT's payroll within 180 days of CLIENTS receipt of the resume submittal by MGA, CLIENT agrees to pay MGA a fee equal to 25% of the employee's first year full time base salary, including guaranteed bonuses.

**Section 3.05**    **Right to Dismiss.**  If CLIENT determines that anyone provided by MGA is incompetent, has engaged in misconduct, or has been negligent, CLIENT may require the individual to leave the premises and will notify MGA immediately.  CLIENT's obligation to compensate MGA for such individual's services will be limited to the number of hours actually worked.  MGA will not reassign the individual to CLIENT without prior approval.

**Section 3.06**    **Insurance.**  MGA shall have and at all times maintain current Workers Compensation, Commercial General Liability and Commercial Business Auto Insurance and provide evidence of such insurance to the Manager as described below;

MGA shall have and at all times maintain current Workers Compensation for MGA employees. MGA shall provide the Manager certification of coverage for workers' compensation insurance covering all of the contractor's employees directly or indirectly engaged in the performance of the work, must provide statutory limits and Employer's Liability Coverage with a limit or not less than $1,000,000.

MGA shall have and at all times maintain current Commercial General Liability insurance naming ["Property Name"], and its respective affiliates, officers, directors and employees, and the property CLIENT, as additional insured. The "Certificate Holder" must name the subject property. Commercial General Liability Insurance must have coverage of not less than:

- $1,000,000 for each occurrence for Bodily Injury and Property Damage
- $3,000,000 Policy Limit
- $1,000,000 Personal Injury Liability

2.  CLIENT reserves the right to require higher limits and/or additional coverages (such as Professional Liability, etc.), depending on the scope of work. CLIENT shall notify MGA of any higher limits and/or additional coverage requirements prior to the beginning of any work.

**Section 3.07**   **Subcontracting.**  CLIENT will not subcontract any services provided under this Agreement without prior written consent of MGA.

**Section 3.08**   **Criminal Background Investigations and Drug Screens.**  MGA shall be responsible for performing any and all criminal background checks, including, multi-state/multi jurisdiction, SSN trace, address history locator, county criminal records search (7 years), DOJ National Sex Offender Records Search, for MGA workers who are performing services for the CLIENT. CLIENT shall be responsible for performing any and all drug screens for MGA workers who are performing services for the CLIENT.

While MGA reserves the right to conduct criminal background checks and other screenings, including drug screenings, on its workers at any time, as permitted by law, MGA has no legal or contractual obligation to run criminal background checks or other screens (including drug screens) on its workers who are recruited, interviewed, selected, or hired by CLIENT.

CLIENT agrees that it shall indemnify, defend and hold harmless MGA, and its officers, agents, and employees, against any and all claims, fines, penalties, liabilities, damages, and costs, including reasonable attorneys' fees, arising from the acts, omissions or conduct of CLIENT, its employees or agents, relating to CLIENT's criminal background check policies and/or failure to conduct appropriate background checks, drug screening policies and/or failure to conduct drug screens or any other screens pertaining to MGA workers.

### ARTICLE 4. MUTUAL RESPONSIBILITIES

**Section 4.01**   **Non-discrimination.**  Neither MGA nor CLIENT will discriminate on the basis of age, race, color, national origin, religion, sex, disability, being a qualified disabled veteran, being a qualified veteran of the Vietnam era, or any other category protected by law.

**Section 4.02**   **Cooperation.**  MGA and CLIENT will cooperate with one another in the fulfillment of their respective obligations under this agreement.

**Section 4.03**   **Compliance with Laws.**  MGA and CLIENT will comply with all applicable ordinances, statutes, regulations, Directives, orders, and other lawful enactments or pronouncements of any federal, state, or other lawful authority. If any law or regulation is enacted, modified, or judicially interpreted so that any section of this Agreement would be found not to comply with such law or regulation, such section is deemed null and void.

### ARTICLE 5.  COMPENSATION

**Section 5.01**   **Billing.**  MGA will submit invoices to CLIENT once a candidate is selected by CLIENT.  Invoices shall be submitted to the following address:

The John Stewart Company/Westbrook Apartments
1388 Sutter St. 11th Floor
San Francisco, CA  94109
POC – Norel Su
nsu@jsco.net

**Section 5.02**   **Payment.**   All amounts invoiced by MGA are due and payable within 30 days from date of invoice.  Rates are set forth in Attachment A, incorporated herein by reference.

**Section 5.03**   **Late Payment.**  Invoices not paid within thirty (30) days from date of invoice will accumulate interest, until paid, at the rate of one and one-half percent (1 ½%) per month on the unpaid balance, equating to an annual percentage rate of eighteen percent (18%), or the maximum rate permitted by applicable law, whichever is less.

**Section 5.04**   **Attorney's Fees.**  In the event either party is required to obtain legal assistance to enforce its rights under this Agreement, or to collect any monies due to such party for services provided, the prevailing party shall be entitled

to receive from the other party, in addition to all other sums due, reasonable attorney's fees, court costs and expenses, if any, incurred enforcing its rights and/or collecting its monies.

**Section 5.05**     **Overtime.**  Overtime rates are charged for all hours worked in excess of eight (8) hours per day or forty (40) per week or according to applicable state law.  Double time will be charged for all hours in excess of twelve (12) per day where applicable by state law. Overtime must have CLIENT written supervisory approval in advance on time card. The double time rate is two (2) times the regular billing rate for such hours. The overtime rate is one and one-half (1 ½) times the regular billing rate for such hours.

**Section 5.06**     **Holidays.**  Time and one-half will be charged for the following holidays:

**New Year's Eve (from 3 p.m.)**
**Thanksgiving Day**
**New Year's Day**
**Labor Day**
**Memorial Day**
**Christmas Eve (from 3 p.m.)**
**Christmas Day**
**Independence Day**
**Easter**
**Presidents Day**
**Martin Luther King Day**
**Veterans Day**

<u>**ARTICLE 6.  GENERAL TERMS**</u>

**Section 6.01**     **Independent Contractors.**  The parties are independent contractors, and nothing contained in this Agreement will be construed to create a partnership, joint venture, agency, or employment relationship between the parties.

**Section 6.02**     **Assignment.**  Neither party may assign this Agreement without prior written consent of the other party, and such consent will not be unreasonably withheld.  No such consent will be required for assignment to an entity owned by or under common control with assignor.  In any event, the assignor will remain fully responsible for compliance with all of the terms of this Agreement.

**Section 6.03**     **Notices.**  Any notice or demand required under this Agreement will be in writing; will be personally served or sent by certified mail, return receipt requested, postage prepaid, or by a recognized overnight carrier which provides proof of receipt; and will be sent to the addresses below.  Either party may change the address to which notices are sent by sending written notice of such change of address to the other party.

**CLIENT:**
The John Stewart Company/Westbrook Apartments
1388 Sutter St., 11th Floor
San Francisco, CA  94109

**MGA:**
**MGA Employee Services Inc.**
Attn: Jennifer DePorzio – Contracts
3131 E. Camelback Rd. #200
Phoenix, AZ 85016

**Section 6.04**     **Headings.**  The headings in this Agreement are for reference only and do not affect the meaning or interpretation of this Agreement.

**Section 6.05**     **Entire Agreement.**  This Agreement constitutes the entire contract between CLIENT and MGA regarding the services covered under this Agreement.  Any agreements, promises, negotiations, or representations not expressly set forth in this Agreement are not valid.  This Agreement may be executed in any number of counterparts, each of which will be deemed to be the original.  No amendments to this Agreement will be effective unless made in writing and signed by both parties.

**Section 6.06**   **Governing Law.**  This Agreement will be governed by and construed in accordance with the laws of the state of Arizona.

**Section 6.07**   **Survival.**  All covenants contained in this Agreement survive the termination of this Agreement.

**Section 6.08**   **Indemnification.**  MGA hereby agrees to defend, indemnify and hold CLIENT and the John Stewart Company, Inc. and their respective officers, directors, shareholders, members, managers, partners, agents, affiliates, employees and independent contractors harmless from all suits, liabilities, claims, demands, or causes of actions, of any kind, including investigation costs, courts costs, litigation expenses and reasonable attorney's fees arising from or incidental to the services contemplated under this Agreement to the extent caused by any negligent acts or omissions on the part of MGA or any of its employees, agents or subcontractors during the performance of this Agreement except for the CLIENT's active negligence or willful misconduct.

The indemnification provisions of this section will survive the termination or expiration of this Agreement, with respect to any claims arising as the result of events occurring during the effective term of this Agreement.

CLIENT and MGA have acknowledged their understanding of, and agreement to the mutual promises written above by executing this Agreement.

**Westbrook Apartments**

_Melissa Lipscomb_
Signature

Melissia Lipscomb, Manager
Printed Name & Title

2/24/2017
Date

**MGA Employee Services Inc.**

_Jennifer DePorzio_
Signature

Jennifer DePorzio  Director of Operations
Printed Name & Title

2/24/17
Date

# ATTACHMENT A

## MGA Employee Services Inc.

CLIENT STAFFING RATES FOR:
Westbrook Apartments

DATE: __2/24/17__

**Charges will be based on the following hourly rate schedule:**

| Position | Bill Rate |
|---|---|
| Building Maintenance Worker | $35.00 |

**Client Approval**

_Melissa Lipscomb_
Client Signature

_Melissia Lipscomb, Manager_
Printed Name & Title

_2/24/2017_
Date

**MGA Employee Services Inc.**

_Jennifer DePorzio_
MGA Signature

Jennifer DePorzio  Director of Operations
Printed Name & Title

2/24/17
Date

Rev. 08/11/2016

# EXHIBIT B



# The Quinlan Law Firm ᴸᴸᶜ
### Chicago | Phoenix

Kate E. Frenzinger
T 602 842 5450
F 602 842 9303
kfrenzinger@quinlanfirm.com

July __, 2017

**Via Mail**

The John Stewart Company/Westbrook Apartments
1388 Sutter Street, 11ᵗʰ Floor
San Francisco, CA 94109

Re:     MGA Employee Services Inc.'s Notice of Claim
        Injured Personnel:    Henry Rodas
        Date of Incident:     April 21, 2017

To Whom It May Concern:

This letter constitutes a Notice of Claim ("Notice") against Westbrook Apartments ("Westbrook") and John Stewart Company, Inc. ("Manager"). This Notice is served on behalf of MGA Employee Services Inc. ("MGA"), whom this office represents. This Notice arises from the incident that occurred on April 21, 2017 involving Henry Rodas and David Kioa ("MGA Personnel") and all claims and damages arising therefrom.

On February 24, 2017, Westbrook and MGA entered into the Contract enclosed with this letter as **Exhibit A**. The Contract provides that "[Westbrook] acknowledges it **shall not permit** MGA Personnel to drive any motor vehicles (**including but not limited to golf carts**)...." Exhibit A, Section 2.01. Moreover, the Contract provided that "[Westbrook] and Manager agree to indemnify, hold harmless MGA and its respective officers, directors, employees, owners, managers, agents and affiliates from any and all liability, claims, demands, actions, rights of actions or legal proceedings whatsoever should MGA Personnel drive any motor vehicles (including but not limited to golf carts)...." *Id.*

As you are aware, on April 21, 2017, Westbrook and/or Manager permitted MGA Personnel to drive a golf cart. Permitting MGA Personnel to drive a golf cart was expressly prohibited by the Contract. As a result of Westbrook and/or Manager's violation of the Contract, Mr. Rodas sustained severe injuries after reportedly falling from the golf cart. Therefore, as expressly provided by the Contract, Westbrook and Manager must indemnify and hold MGA its respective officers, directors, employees, owners, managers, agents and affiliates harmless from any and all liability, claims, demands, actions, rights of actions or legal proceedings whatsoever arising from Westbrook and/or Manager's failure to abide by the terms of the Contract.

The John Stewart Company/Westbrook Apartments
July ___, 2017
Page 2 of 3

This Notice also serves as a litigation hold letter notifying you to that you must retain and preserve all records, including documents, which may be relevant to or related to this claim. Courts have held that the duty to identify and preserve evidence begins with knowledge that litigation of a dispute is possible. Once you have knowledge that litigation may ensue, Courts have held that you have a duty to protect all relevant paper and electronic information and should no longer rely upon its normal document retention policies. The following types of documents, information and electronic media (collectively "documents") must be retained – even if it would otherwise be your normal practice to discard such items in accordance with Westbrook's and Manager's usual document retention policy:

1. The personnel file of Henry Rodas or similar file that contains information regarding Mr. Rodas' work at Westbrook Apartments;
2. The personnel file of David Kioa or similar file that contains information regarding Mr. Kioas' work at Westbrook Apartments;
3. All written documentation, electronic information, or oral communications relating to Henry Rodas;
4. All written documentation, electronic information, or oral communications relating to David Kioa;
5. Any and all documents related to the incident that occurred on April 21, 2017;
6. Any and all communications Westbrook has regarding or related to the Contract enclosed as Exhibit A;
7. Any and all communications Manager has regarding or related to the Contract enclosed as Exhibit A;
8. Any and all communications between and among Westbrook, Manager, and/or any third parties, regarding or related to the incident that occurred on April 21, 2017, MGA, the Contract, Henry Rodas, David Kioa, MGA personnel's use of golf carts, or related topics.
9. Any and all audio and/or video surveillance of the property, the golf carts, Henry Rodas, David Kioa, MGA Personnel's use of golf carts, the April 21, 2017 incident, or related audio and/or video surveillance.

The requirement to retain information applies to ALL types of written, printed, electronic, and other materials including: memos, correspondence, spreadsheets, PowerPoints, reports, handwritten notes, drafts, sales forms, files, calendars, appointment books, audio and video tapes, and diaries. This requirement to retain information also applies to ALL non-identical copies, versions, and/or drafts. If you create documents including memos, letters, and spreadsheets that are relevant to the subject matter of this litigation, you should save major revisions as new documents so prior drafts are preserved. You must preserve all the identified documents from any person who is relevant to or related to this claim.

You must also retain (and not delete) electronically stored information, including electronic documents (MS Word, PowerPoints, MS Excel, *etc.*), computerized calendars, email messages, Instant Messages (IM), blogs, and any other types of data or information

The John Stewart Company/Westbrook Apartments
July ___, 2017
Page 3 of 3

wherever it may be stored, including on your workstation, laptop, PDA (*e.g.,* iPhone), or network. For email messages that currently exist, or that you create or receive in the future, if they are covered by this Notice, you must save each message covered by this Notice.

This Notice is given without the benefit of formal discovery and is subject to amendment or supplementation. MGA reserves the right to amend this Notice and litigation hold at any time.

Sincerely,


Kate E. Frenzinger
**The Quinlan Law Firm, LLC**

Enclosure: as stated

# EXHIBIT C



COPPERSMITH
BROCKELMAN
LAWYERS

**Andrew S. Gordon**
agordon@cblawyers.com
PH. (602) 381-5460
FAX (602) 224-6020

2800 N. Central Ave., Suite 1900
Phoenix, AZ  85004-1009
CBLAWYERS.COM

December 13, 2017

**VIA CERTIFIED MAIL**

The John Stewart Company/Westbrook Apartments
1388 Sutter St., 11th Floor
San Francisco, California 94109

   Re:  MGA Employee Services Inc.'s Notice of Claim
       Injured Personnel:  Henry Rodas
       Date of Incident:  April 21, 2017

To Whom It May Concern:

  This law firm, Coppersmith Brockelman PLC, now represents MGA regarding the above referenced claim.

  In July, 2017, you were sent a notice of claim which also included a litigation hold.  I have enclosed a copy of that letter for your reference.  That letter fully explains why MGA is entitled to indemnification for the liability it incurs arising from Mr. Rodas' accident.  We will not repeat the substance of that letter again but incorporate it by reference.

  You have not responded to that claim letter.

  Since that letter was sent, MGA has paid out $500,000.00 on the claim, which represents MGA's full deductible under its applicable insurance policy.  MGA hereby makes demand for full indemnification of $500,000.00.  This is without prejudice to seeking additional indemnification in the future if MGA is subject to additional liability arising from the underlying claim.

  If MGA is not paid the $500,000.00 by January 16, 2018, MGA will pursue appropriate remedies including litigation. Pursuant to the terms of the contract and under applicable Arizona law (the contract provides that Arizona law controls), in addition to being entitled to complete indemnification, MGA is also entitled to recover its fees and expenses.

{00335780.1 }

December 13, 2017
Page 2

We hope filing suit is unnecessary.

If you wish to discuss this, please feel free to contact me directly.

Sincerely,

Andrew S. Gordon

ASG/gsh

Enclosure

Cc: Noah Schwartz @nschwartz@jsco.net



# The Quinlan Law Firm LLC
### Chicago | Phoenix

Kate E. Frenzinger
T 602 842 5450
F 602 842 9303
kfrenzinger@quinlanfirm.com

July __, 2017

**Via Mail**

The John Stewart Company/Westbrook Apartments
1388 Sutter Street, 11th Floor
San Francisco, CA 94109

Re:     MGA Employee Services Inc.'s Notice of Claim
        Injured Personnel:     Henry Rodas
        Date of Incident:      April 21, 2017

To Whom It May Concern:

This letter constitutes a Notice of Claim ("Notice") against Westbrook Apartments ("Westbrook") and John Stewart Company, Inc. ("Manager"). This Notice is served on behalf of MGA Employee Services Inc. ("MGA"), whom this office represents. This Notice arises from the incident that occurred on April 21, 2017 involving Henry Rodas and David Kioa ("MGA Personnel") and all claims and damages arising therefrom.

On February 24, 2017, Westbrook and MGA entered into the Contract enclosed with this letter as **Exhibit A**. The Contract provides that "[Westbrook] acknowledges it **shall not permit** MGA Personnel to drive any motor vehicles **(including but not limited to golf carts)**...." Exhibit A, Section 2.01. Moreover, the Contract provided that "[Westbrook] and Manager agree to indemnify, hold harmless MGA and its respective officers, directors, employees, owners, managers, agents and affiliates from any and all liability, claims, demands, actions, rights of actions or legal proceedings whatsoever should MGA Personnel drive any motor vehicles (including but not limited to golf carts)...." *Id.*

As you are aware, on April 21, 2017, Westbrook and/or Manager permitted MGA Personnel to drive a golf cart. Permitting MGA Personnel to drive a golf cart was expressly prohibited by the Contract. As a result of Westbrook and/or Manager's violation of the Contract, Mr. Rodas sustained severe injuries after reportedly falling from the golf cart. Therefore, as expressly provided by the Contract, Westbrook and Manager must indemnify and hold MGA its respective officers, directors, employees, owners, managers, agents and affiliates harmless from any and all liability, claims, demands, actions, rights of actions or legal proceedings whatsoever arising from Westbrook and/or Manager's failure to abide by the terms of the Contract.

{00336244.1}

The John Stewart Company/Westbrook Apartments
July ___, 2017
Page 2 of 3

This Notice also serves as a litigation hold letter notifying you to that you must retain and preserve all records, including documents, which may be relevant to or related to this claim. Courts have held that the duty to identify and preserve evidence begins with knowledge that litigation of a dispute is possible. Once you have knowledge that litigation may ensue, Courts have held that you have a duty to protect all relevant paper and electronic information and should no longer rely upon its normal document retention policies. The following types of documents, information and electronic media (collectively "documents") must be retained – even if it would otherwise be your normal practice to discard such items in accordance with Westbrook's and Manager's usual document retention policy:

1. The personnel file of Henry Rodas or similar file that contains information regarding Mr. Rodas' work at Westbrook Apartments;
2. The personnel file of David Kioa or similar file that contains information regarding Mr. Kioas' work at Westbrook Apartments;
3. All written documentation, electronic information, or oral communications relating to Henry Rodas;
4. All written documentation, electronic information, or oral communications relating to David Kioa;
5. Any and all documents related to the incident that occurred on April 21, 2017;
6. Any and all communications Westbrook has regarding or related to the Contract enclosed as Exhibit A;
7. Any and all communications Manager has regarding or related to the Contract enclosed as Exhibit A;
8. Any and all communications between and among Westbrook, Manager, and/or any third parties, regarding or related to the incident that occurred on April 21, 2017, MGA, the Contract, Henry Rodas, David Kioa, MGA personnel's use of golf carts, or related topics.
9. Any and all audio and/or video surveillance of the property, the golf carts, Henry Rodas, David Kioa, MGA Personnel's use of golf carts, the April 21, 2017 incident, or related audio and/or video surveillance.

The requirement to retain information applies to ALL types of written, printed, electronic, and other materials including: memos, correspondence, spreadsheets, PowerPoints, reports, handwritten notes, drafts, sales forms, files, calendars, appointment books, audio and video tapes, and diaries. This requirement to retain information also applies to ALL non-identical copies, versions, and/or drafts. If you create documents including memos, letters, and spreadsheets that are relevant to the subject matter of this litigation, you should save major revisions as new documents so prior drafts are preserved. You must preserve all the identified documents from any person who is relevant to or related to this claim.

You must also retain (and not delete) electronically stored information, including electronic documents (MS Word, PowerPoints, MS Excel, *etc.*), computerized calendars, email

36244.1 }

The John Stewart Company/Westbrook Apartments
July ___, 2017
Page 3 of 3

messages, Instant Messages (IM), blogs, and any other types of data or information wherever it may be stored, including on your workstation, laptop, PDA (*e.g.,* iPhone), or network. For email messages that currently exist, or that you create or receive in the future, if they are covered by this Notice, you must save each message covered by this Notice.

This Notice is given without the benefit of formal discovery and is subject to amendment or supplementation. MGA reserves the right to amend this Notice and litigation hold at any time.

Sincerely,

Kate E. Frenzinger
**The Quinlan Law Firm, LLC**

Enclosure: as stated

36244.1 }

233 South Wacker Drive   Suite 2210   Chicago, Illinois 60606  |  312 883 5500
3131 East Camelback Road   Suite 200   Phoenix, Arizona 85016  |  602 732 6500

# EXHIBIT D



A CRAWFORD COMPANY
P O BOX 14351
LEXINGTON KY  40512-4351

DEC 2 9 2017

ANDREW
GORDON
2800 N CENTRAL AVE
SUITE 1900
PHOENIX AZ  85004-1009

December 21, 2017

Please see enclosed documents

Thank you,



**Broadspire®**
A CRAWFORD COMPANY
PO Box 14351
Lexington, KY 40512-4351

Phone: (281) 249-0188
Fax: (866) 213-9728

DEC 2 9 2017

December 21, 2017

COPPERSMITH BROCKELMAN
MR. ANDREW GORDON
2800 N CENTRAL AVE. SUITE 1900
PHOENIX AZ 85004-1009

| | |
|---|---|
| Claim #: 188567256-001 | |
| Date of Loss: 4/21/2017 | |
| Insured: THE RELATED COMPANIES OF CALIF | |

Dear Mr. Gordon:

We have reviewed your recent letter regarding the accident involving the MGA worker.

Allied World is the insurance carrier for the property Westbrook Apartments.

We have assigned defense counsel, Archer Norris to handle this claim.   Mr. Keith Gillette at 925-952-5440 is the lead attorney contact and he will follow up with you in regard to this claim.

Sincerely,
Broadspire Services, Inc. on behalf of:
Allied World Natl Assur Co

*Nora A Chunn*
Claim Examiner
(281) 249-0188

Rev. 2/24/11

Free Form Letter-Claimant

# EXHIBIT E



**ARCHER**NORRIS
A PROFESSIONAL LAW CORPORATION

2033 North Main Street, Suite 800
Walnut Creek, CA 94596-3759
925.930.6600
925.930.6620 (Fax)
www.archernorris.com

KEITH R. GILLETTE
kgillette@archernorris.com
925.952.5440
Admitted to Practice in California, Nevada

January 16, 2018

<u>V</u><small>IA</small> <u>E</u><small>MAIL</small><small>:</small> <u>AGORDON@CBLAWYERS.COM</u>

Andrew S. Gordon
Coopersmith Brockelman
2800 N. Central Ave., Suite 1900
Phoenix, AZ 85004-1009

Re:     *MGA Employee Services Inc. adv. The John Stewart Company/Westbrook*
        *Apartments*
        Injured Personnel:  Henry Roda
        Date of Incident:    April 21, 2017
        Our Clients:          John Stewart Company and Westbrook Housing Partners
        Our File No.:         AWAC-010

Dear Mr. Gordon:

Please be advised that Archer Norris has been retained to represent John Stewart Company ("JSC") and Westbrook Housing Partners ("WHP") in relation to the above-described claim. We are in receipt of your December 13, 2017 demand letter requesting that JSC and WHP immediately indemnify MGA by reimbursing MGA for its $500,000 insurance deductible.

Due to our recent retention in this matter, we are unable to review, assess, and respond to your client's demand prior to January 16, 2018. JSC and WHP will respond to your client's demand in due time. Any further correspondence to either JSC and/or WHP regarding the instant claim shall be sent directly to me at the above-listed address.

Very truly yours,

ARCHER NORRIS

*/s/ Keith R. Gillette*

Keith R. Gillette

KRG/tp
AWAC010/4847-7308-9113-1

# EXHIBIT F

**From:** Andy Gordon
**Sent:** Monday, January 29, 2018 2:55 PM
**To:** Keith R. Gillette (kgillette@archernorris.com) <kgillette@archernorris.com>
**Subject:** FW: MGA Employee Services adv. The John Steward Co./Westbrook; Henry Roda, AWAC-010

Mr. Gillette, your January 16, 2018 letter to me says you were not in a position to respond by Jan. 16, 2018 and you would respond in due time.  Can you tell me when you estimate we will receive a substantive response to our response?  As you know from the enclosure with my letter, your client was put on notice regarding this matter in July, 2017.  That letter both set forth your client's indemnification obligations and also constituted a hold letter.

We would appreciate knowing we will get a substantive response within the next ten days. We would also appreciate confirmation that the hold is still in place.

If you would like to discuss this matter, please feel free to call or email me.

Andrew S. Gordon
Coppersmith Brockelman
2800 N. Central Ave., Suite 1900
Phoenix, Arizona 85004-1009
Direct line 602-381-5460
Mobile 602-321-2548
Fax 602-772-3760
agordon@cblawyers.com
www.cblawyers.com

**From:** Pico, Tracy L [mailto:tpico@archernorris.com]
**Sent:** Tuesday, January 16, 2018 4:56 PM
**To:** Andy Gordon <AGordon@cblawyers.com>
**Cc:** KRG MGA <KRGMGA@archernorris.com>
**Subject:** MGA Employee Services adv. The John Steward Co./Westbrook; Henry Roda, AWAC-010

Re:    MGA Employee Services Inc. adv. The John Stewart Company/Westbrook
Apartments
          Injured Personnel:        Henry Roda
          Date of Incident:          April 21, 2017
          Our Clients:                  John Stewart Company and Westbrook Housing Partners
          Our File No.:                AWAC-010

Mr. Gordon,

Attached please find correspondence from Keith Gillette at Archer Norris.

1

Regards,

Tracy Pico
Assistant to Keith Gillette



**Tracy L. Pico**
Legal Administrative Assistant
2033 North Main Street, Suite 800, Walnut Creek,
CA 94596
E: tpico@archernorris.com |
ARCHERNORRIS.COM
T: 925.930.6600 | F: 925.930.6620

SAN FRANCISCO | LOS ANGELES | NEWPORT BEACH | WALNUT CREEK

The information and any attachments contained in this email message may be privileged,
confidential, and protected from disclosure. If you are not the intended recipient, any
dissemination or copying is strictly prohibited. If you think that you may have received
this email message in error, please notify the sender at the email address above.
If you have received this email in error, you are instructed to delete all copies and
discard any printouts without reading the information contained within.
http://www.archernorris.com

Disclaimer Status WCx2033

# EXHIBIT G



## ARCHER NORRIS
### A PROFESSIONAL LAW CORPORATION

2033 North Main Street, Suite 800
Walnut Creek, CA 94596-3759
925.930.6600
925.930.6620 (Fax)
www.archernorris.com

JACQUELINE K. OH
joh@archernorris.com
925.952.5435

March 9, 2018

**VIA EMAIL: AGORDON@CBLAWYERS.COM**

Andrew S. Gordon
Coopersmith Brockelman
2800 N. Central Ave., Suite 1900
Phoenix, AZ 85004-1009

Re:     *MGA Employee Services Inc. adv. The John Stewart Company/Westbrook Apartments*
              Injured Personnel:     Henry Rodas
              Date of Incident:     April 21, 2017
              Our Clients:     John Stewart Company and Westbrook Housing Partners
              Our File No.:     AWAC-010

Dear Mr. Gordon:

      We acknowledge receipt of your January 29, 2018 and March 5, 2018 emails. We are still examining the underlying facts in support of your client's demand. We will provide you a substantive response when we complete our investigation.

      This correspondence also confirms that your request for a litigation hold is still in place. If you have any questions or concerns, please contact me at 925-952-5435.

              Very truly yours,

              ARCHER NORRIS

              *Jacqueline K. Oh*

              Jacqueline K. Oh

JKO
AWAC010/4821-8918-1023-1