UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA EMPLOYEE SERVICES, INC., <br>   Plaintiff, <br> v. <br> THE JOHN STEWART COMPANY, et al., <br>   Defendants. | Case No. 18-cv-03139-VC <br><br> **ORDER RE CROSS-MOTIONS FOR SUMMARY JUDGMENT** <br> Re: Dkt. Nos. 38, 42, 43 |

     1. MGA's motion for summary judgment is granted as to its claim against Westbrook Housing Partners. Section 2.01 of the Client Staffing Agreement requires Westbrook to indemnify MGA for "any and all liability . . . whatsoever should MGA personnel drive any motor vehicles (including but not limited to golf carts)[.]" Dkt. No. 40 at 5. Westbrook has not shown that this provision is inconsistent with either California's or Arizona's worker's compensation schemes and therefore void as against public policy. Westbrook argues that the provision, as construed by MGA, conflicts with other provisions that require MGA to provide worker's compensation benefits to its employees and to indemnify Westbrook from liabilities. But "specific provisions qualify the meaning of general provisions," because they "express the parties' intent more precisely than general provisions." *ELM Retirement Ctr. v. Callaway*, 226 Ariz. 287, 291 (Ct. App. 2010). Accordingly, section 2.01 controls. Finally, Westbrook argues that MGA breached a condition precedent by acquiring a worker's compensation policy with a high deductible. However, the Agreement does not require any particular level of deductible. *See* Dkt. No. 40 at 6–7.

     Because the damages at issue were clearly "within the contemplation of the parties at the time they entered [into] the contract," MGA is entitled to summary judgment. *All American*

*School Supply Co. v. Slavens*, 125 Ariz. 231, 233 (1980).

    2. The cross-motions are denied as to MGA's claims against The John Stewart Company. Although the parties have barely addressed this issue, it appears there could be a material dispute as to whether the parties shared a mutual understanding that both Westbrook and The John Stewart Company were to be bound by the Client Staffing Agreement, or Westbrook alone. *Cf. Johnson v. Earnhardt's Gilbert Dodge, Inc.*, 212 Ariz. 381, 384–86 (2006). The Agreement contains language that would appear to support either interpretation and there is little information in the summary judgment record about the actions of the negotiating parties. *See id.* at 384 ("Mutual assent is ascertained from objective evidence . . . [which] includes written and spoken words as well as acts." (internal quotation marks omitted)). Because the parties did not adequately address this issue in their papers, and because the last day for a hearing on dispositive motions is not until June 2019, denial is without prejudice to either side filing a renewed motion for summary judgment on this issue if they believe they can demonstrate that no genuine issue of fact exists.

    **IT IS SO ORDERED.**

Dated: February 19, 2019

_____
VINCE CHHABRIA
United States District Judge