SCOTT C. HALL (State Bar No. 232492)
LAURA R. SEEGAL (State Bar No. 307344)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email:   ef-sch@cpdb.com
         ef-lrs@cpdb.com

Attorneys for Plaintiff
MGA Employee Services, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MGA EMPLOYEE SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE JOHN STEWART COMPANY and WESTBROOK HOUSING PARTNERS, L.P., <br><br> Defendants. | Case No. 3:18-cv-03139-VC <br><br> **PLAINTIFF MGA EMPLOYEE SERVICES, INC.'S NOTICE OF MOTION AND MOTION FOR ENTRY OF FINAL JUDGMENT AGAINST DEFENDANT WESTBROOK HOUSING PARTNERS, L.P.** |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 18, 2019 at 10:00 a.m. in Courtroom 4, 17th Floor of the United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiff MGA Employee Services, Inc. ("Plaintiff" or "MGA") will and hereby does move this Court, pursuant to Federal Rules of Civil Procedure 54 and 58, for an order granting entry of final judgment in this action in favor of MGA and against Defendant Westbrook Housing Partners, L.P. ("Westbrook").

Entry of final judgment against Westbrook in this action is warranted because the Court's February 19, 2019 Order granting MGA's motion for summary judgment on its claims against Westbrook, and denying Westbrook's cross-motion for summary judgment against MGA [Dkt. #54] ("Summary Judgment Order"), disposed of every claim, right, and liability between MGA and Westbrook with respect to this action (except with respect to the amount of costs or fees to be awarded to MGA as the prevailing party in this action). MGA is therefore entitled to damages in the amount of $500,000, as well as pre- and post-judgment interest, and costs and reasonable attorneys' fees to be determined by the Court following entry of final judgment.

Additionally, while the Summary Judgment Order denied MGA's motion for summary judgment against Defendant The John Stewart Company ("John Stewart"), MGA and John Stewart have now reached a settlement fully and finally disposing of every claim, right and liability as between them. There is thus no just reason for delay with respect to entry of final judgment against Westbrook.

MGA's motion is based upon the points and authorities set forth below, the Declaration of Scott C. Hall filed concurrently herewith, and the pleadings and records on file in this action.

DATED: May 31, 2019         Respectfully Submitted

By: */s/ Scott C. Hall*
    Scott C. Hall
    Attorneys for Plaintiff
    MGA Employee Services, Inc.

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

**MOTION FOR ENTRY OF FINAL JUDGMENT AGAINST WESTBROOK**

Plaintiff MGA hereby moves the Court to enter final judgment in favor of MGA and against Defendant Westbrook, and states the following in support of such motion.

WHEREAS:

1. On February 19, 2019, the Court entered an order granting MGA's Motion for Summary Judgment on its claims against Westbrook, and denying Westbrook's Cross-Motion for Summary Judgment against MGA [Dkt. # 54] (the "Summary Judgment Order");

2. The Summary Judgment Order fully and finally disposed of every claim, right, and liability between MGA and Westbrook with respect to this action (except with respect to the amount of costs or fees to be awarded to MGA as the prevailing party in this action);

3. MGA and Defendant John Stewart have reached a settlement that fully and finally disposes of every claim, right, and liability between MGA and John Stewart with respect to this action. (Declaration of Scott C. Hall filed concurrently herewith ("Hall Decl.") ¶ 3.) MGA understands that John Stewart intends to file a motion with the Court seeking to extinguish any potential cross-complaint or indemnity/contribution claims by Westbrook against John Stewart in connection with this action. (*Id.*) MGA intends to file a request for dismissal of John Stewart from this action with prejudice upon the resolution of such motion. (*Id.*)

4. MGA is entitled to damages in the amount of $500,000 for Westbrook's breach of the February 24, 2017 Client Staffing Agreement between MGA and Westbrook. This amount is undisputed. (Declaration of William Shanahan in Support of MGA's Motion for Summary Judgment [Dkt. # 40] ¶ 14 ("MGA has paid five hundred thousand dollars ($500,000) in claims in connection with the injury to Henry Rodas caused by David Kioa's driving of a golf cart at the Westbrook Apartments, in direct violation of the specific terms of the CSA."); Westbrook's Answer to First Amended Complaint [Dkt. # 22] ¶ 11 (admitting that "MGA has paid $500,000.00 in workers compensation claims by Mr. Rodas as a result of the accident")).

5. MGA is entitled to prejudgment interest on its damages. *Precision Heavy Haul, Inc. v. Trail King Indus., Inc.*, 224 Ariz. 159, 160 (Ct. App. 2010) ("[A] party with a liquidated claim is entitled to prejudgment interest as a matter of right and is so entitled whether 'the claim

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

sounds in contract or in tort.'"); *In re Exxon* Valdez, 484 F.3d 1098, 1101 (9th Cir. 2007) ("It is well settled that prejudgment interest is a substantive aspect of a plaintiff's claim, rather than a merely procedural mechanism."); *Mutuelles Unies v Kroll & Linstrom,* 957 F.2d 707, 714 (9th Cir. 1992) ("In diversity jurisdiction, state law governs all awards of prejudgment interest.").

6. Specifically, MGA is entitled to $91,666.67 in prejudgment interest on its $500,000 damages from August 1, 2017[1], at a rate of 10% per year under Arizona law (Arizona Revised Statutes 44-1201(A), (F)),[2] plus an additional $136.82 for each day after June 1, 2019 until the day final judgment is entered;

7. MGA is also entitled to post-judgment interest on its damages pursuant to 28 U.S.C. § 1961, at the rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the day judgment is entered, compounded annually;[3]

8. MGA is entitled to, and will seek, taxable costs from Westbrook pursuant to 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d)(1);

9. Pursuant to Federal Rule of Civil Procedure 54(d)(2) and Civil Local Rule 54-5, MGA will move for attorney's fees and related nontaxable expenses from Westbrook within 14 days after the entry of judgment;

10. Pursuant to Federal Rule of Civil Procedure 58(e), there is no just reason for delay with respect to the entry of judgment, except with respect to the exact amount of costs and/or fees recoverable by MGA against Westbrook.

////////

---

[1] MGA provided formal notice of its claim to Defendants in July 2017 (FAC [Dkt. # 16], Ex. B).

[2] The prejudgment interest rate of 10% is the same under California law. Cal. Civ. Code § 3289(b).

[3] Under Arizona law, MGA is entitled to post-judgment interest on its damages equal to the lesser of 10% per year or at a rate per year that is equal to 1% plus the prime rate as published by the board of governors of the federal reserve system in statistical release H.15 or any publication that may supersede it on the date that the judgment is entered. Ariz. Rev. Stat. Ann. § 44-1201(B).

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

NOW THEREFORE, Plaintiff MGA prays that this motion be granted as follows:

    a.    That Final Judgment be entered in this action in favor of MGA against Westbrook;

    b.    That Defendant Westbrook take nothing in this action, and that the Court deny any and all relief requested by Westbrook in accordance with the Summary Judgment Order;

    c.    That MGA be awarded, and Westbrook be ordered to pay to MGA:

        i.    $500,000 for damages caused to MGA by Westbrook's breach of the February 24, 2017 Client Staffing Agreement between MGA and Westbrook; plus

        ii.    $91,666.67 in prejudgment interest from August 1, 2017 to June 1, 2019 at a rate of 10% per year, plus an additional $136.98 for each day after June 1, 2019 until the day final judgment is entered; plus

        iii.    Post-judgment interest on the total sum of items (i) and (ii) pursuant to 28 U.S.C. § 1961 at the rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the day judgment is entered, compounded annually; plus

        iv.    MGA's reasonable attorneys' fees, which amount shall subsequently be found by the Court in accordance with the procedures set forth in Federal Rule of Civil Procedure 54(d)(2) and Civil Local Rules 54-5, or subsequent order of the Court; plus

        v.    MGA's costs pursuant to 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d)(1), which amount shall subsequently be taxed in accordance with the procedures set forth in 28 U.S.C. § 1924, Federal Rule of Civil Procedure 54(d)(1), and Civil Local Rules 54-1 through 54-4, or subsequent order of the Court.

    d.    That the Clerk of the Court shall issue each and every writ subsequently requested by MGA to enforce the judgment against Westbrook.

    e.    That the Court grant such further relief, both special and general, at law and in equity, to which MGA is justly entitled.

| | |
|---|---|
| DATED: May 31, 2019 | Respectfully Submitted |

By: */s/ Scott C. Hall*
    Scott C. Hall
    Attorneys for Plaintiff
    MGA Employee Services, Inc.

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663